David Henderson
Law Offices of David Henderson
3003 Minnesota Drive, Suite 203
Anchorage, AK 99503
Phone:  907-677-1234
Fax:  888-965-9338
dh@henderson-law.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| Leland Rogers and Alissa Rogers, individually, and as natural parents and next-friends of their minor child, M.R., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case no. _____ |
| United States of America, | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## **Complaint**

COME NOW plaintiffs and allege as follows:

### **Parties, Jurisdiction, and Venue**

1)      Plaintiffs are residents of Bethel, Alaska, within the District of Alaska.

2)      Plaintiffs Leland Rogers and Alissa Rogers [hereinafter "Leland and Alissa"] are adults and the natural parents of plaintiff M.R., an infant minor.

**LAW OFFICES OF DAVID HENDERSON**
*3003 Minnesota Drive, Suite 203*
*Anchorage, Alaska  99503*
*Phone: (907) 677-1234*
*Fax: (888) 965-9338*
*dh@henderson-law.com*

3)      The Yukon-Kuskokwim Delta Regional Hospital [hereinafter "YKDRH"], situated in Bethel, Alaska, is a health-care facility owned and operated by the Yukon-Kuskokwim Health Corporation ["YKHC"], a tribal governance body whose medical malpractice is covered by the *Federal Tort Claims Act*, 28 USC § 1346, 2401, and 2671 *et seq*.

4)      The medical malpractice of the YKDRH, and any of its agents, employees, and contractors, are properly made the subject of this suit under the *Federal Tort Claims Act*.

5)      More than six months ago, the claim giving rise to this suit was presented to the appropriate federal agency within the meaning of 28 USC § 2675(a).

6)      Said agency has denied the claim, either by expressly rejecting it outright, or by failing to make a final disposition of it within six months, as contemplated by 28 USC § 2675(a).

## General Allegations and Claim

7)      On or about November 25, 2016, Leland and Alissa presented M.R. to the Emergency Room at YKDRH for medical care and treatment of a burn injury.

8)      Upon presentation, M.R. was admitted to the YKDRH and was, at all times pertinent, its patient.

9)      While at YKDRH, M.R. was placed under the care and treatment of defendant.

10)     While at YKDRH, M.R. was placed under the care and treatment of Dr. Adam Larkins, who at all times pertinent was a physician acting within the scope of his employment or agency at the YKDRH.

Complaint
*Rogers v. U.S.A., et al*                               2

LAW OFFICES OF DAVID HENDERSON
3003 Minnesota Drive, Suite 203
Anchorage, Alaska 99503
Phone: (907) 677-1234
Fax: (888) 965-9338
dh@henderson-law.com

11)   One or more IVs was immediately placed in M.R.'s foot through which various medications and/or pain-killers were administered.

12)   On or about November 27, 2016, M.R. became febrile and began to show discernible clinical signs that he had developed a bacterial infection.

13)   In the ensuing days, there were additional clinical signs of a bacterial infection.

14)   Despite ample and obvious outward signs that M.R. had developed a bacterial infection related to the IV(s) that had been placed in his foot, defendant did not diagnose or treat him for a bacterial condition for several days.

15)   As a direct and proximate result of allowing the bacterial infection to progress and advance without diagnosis and treatment, M.R.'s left hip became septic, acutely arthritic, and permanently damaged.

16)   Failing to timely diagnose and treat the bacterial infection and ensuing hip sepsis has directly and proximately caused -- and will cause -- M.R. to suffer permanent and extensive damages, including: loss of the use of his hip; permanent and severe physical impairment; disability; immobility; pain and suffering; inconvenience; loss of enjoyment of life; psychological injuries, and; extensive ongoing medical treatment.

17)   Leland and Alissa have and will suffer loss of their child's services, and loss of consortium.

18)   Defendant's treatment of M.R. fell below all applicable standards of care.

19)   Said lapses and breaches constituted both actionable negligence and recklessness within the contemplation of AS 09.55.549(f).

Complaint
*Rogers v. U.S.A., et al*                                    3

LAW OFFICES OF DAVID HENDERSON
3003 Minnesota Drive, Suite 203
Anchorage, Alaska 99503
Phone: (907) 677-1234
Fax: (888) 965-9338
dh@henderson-law.com

20)     Plaintiffs have each suffered economic- and non-economic- losses in an amount to be proved at trial.

WHEREFORE, plaintiffs pray for relief as follows:

1)     For compensatory damages, as alleged;

2)     For costs and attorney's fees;

3)     For such other relief the court may deem just and proper.

DATED this 30th day of January, 2018, at Anchorage, Alaska.

LAW OFFICES OF DAVID HENDERSON

Attorney for Plaintiffs Rogers

s/ David Henderson
David Henderson  #9806014

Complaint
*Rogers v. U.S.A., et al*                              4